## COMMODITY FUTURES TRADING COMMISSION, Plaintiff,

v.

## PYNE COMMODITIES CORPORATION, Melvin Herzberg, Jack Wesley Savage, Maurice Benjamin, Defendants.

### No. 80 Civ. 3952 (CBM).

United States District Court,
S. D. New York.

Oct. 17, 1980.

---

Jill S. Fassler, Martha L. Brecher, R. Patrick Thompson, Commodities Futures Trading Com'n, New York City, for plaintiff.

Melvin Herzberg, defendant pro se.

Lawrence S. Bader, Segal & Hundley, New York City, for defendant Savage.

Joel J. Bellows, Chicago, Ill., for defendant Pyne Commodities Corp.

## ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER TRIAL

MOTLEY, District Judge.

This action came on for trial on Tuesday, October 14, 1980 as to all defendants except defendant Maurice Benjamin. The trial as to Maurice Benjamin has been continued until the final disposition of the criminal action presently pending in this Court against Maurice Benjamin and which is now before Judge Haight.

On August 8, 1980 this court filed its Amended Findings of Fact and Conclusions of Law and Preliminary Injunction Order following hearing on plaintiff's Motion for Preliminary Injunction. See Transcript of August 8, 1980.

Prior to trial plaintiff moved to have the evidence adduced at the Preliminary Injunction hearing considered as evidence on the trial. That motion was granted.

After trial this court now makes the following additional findings of fact and incorporates by reference herein those findings of fact and conclusions of law of August 8, 1980. These additional findings of fact and conclusions of law, together with the findings of fact and conclusions of law filed on August 8, 1980, shall constitute this court's final findings of fact and conclusions of law after trial in this matter.

## ADDITIONAL FINDINGS OF FACT

1. Pyne Commodities Corporation ("Pyne") was not a member of a commodity exchange or contract market; therefore, Pyne executed commodity futures transactions for its customers through an account it maintained at a clearing broker. [Testimony of Marvin Jackson ("Jackson"), Transcript ("Tr."), pp. 39–40]

2. During the period of May 1979 through October 1979, Pyne executed futures transactions for its customers solely through an account denominated "Pyne Commodities Corp.", account number 36–36001, which it maintained at a clearing broker named Incomco, Inc. ("Incomco"). [Testimony of Jackson, Tr., p. 40; Plaintiff's Exhibits 46 and 46a]

3. On various dates during this period of time, Pyne confirmed to six of its customers, Mr. Arthur L. and Leslie I. Lampert, Mr. Jack Kosten, Charles F. and Ruth M. McGee, Mr. W. C. Shannon, Mr. Mike Gelston, and Chester Weber, the execution for their accounts of futures transactions in silver traded on the Mid–America Commodity Exchange. [Plaintiff's Exhibit 47; Testimony of Jackson, Tr., pp. 41–44]

4. The confirmation statements for the Pyne customer account at Incomco show that on the various dates on which Pyne confirmed the execution of the silver futures transactions to these customers, Pyne failed to execute any trades in Mid–Ameri-

ca silver through its clearing broker. [Plaintiff's Exhibit 46 and 46a; Testimony of Jackson, Tr., pp. 41–44]

5. Therefore, Pyne confirmed commodity futures transactions to these six customers which Pyne had never executed for the accounts of these customers. [Testimony of Jackson; Tr., pp. 41–44, Plaintiff's Exhibits 46, 46a and 47]

6. Pyne charged management fees to the accounts of these six customers even though Pyne failed to execute the Mid–America silver transactions it purportedly had made for these accounts. [Plaintiff's Exhibit 47]

## ADDITIONAL CONCLUSIONS OF LAW

■ 1. Pyne and its principals, Melvin Herzberg ("Herzberg") and Jack Wesley Savage ("Savage"), violated Section 4b of the Commodity Exchange Act ("Act"), as amended [7 U.S.C. § 6b], in that these defendants bucketed orders for at least six commodity futures customers by failing to execute commodity futures transactions which they had confirmed as executed for the account and risk of such customers. [Amended Findings of Fact and Conclusions of Law dated August 8, 1980, p. 1000, lines 21–22; p. 1007, lines 10–24; and p. 1008, lines 2–12; Testimony of Jackson; Tr., pp. 41–44, Plaintiff's Exhibits 46, 46a and 47]. *See, SEC v. R. J. Allen and Associates, Inc.,* 386 F.Supp. 866 (S.D.Fla.1974).

2. The court finds that its Conclusions of Law set forth at pages 1009 through 1017 of the Court's Amended Findings of Fact and Conclusions of Law of August 8, 1980, are appropriate and the court incorporates those Conclusions as set forth fully therein.

■ 3. The continuance of the temporary freeze over the assets of all defendants is warranted in this case in order to preserve the *status quo* while the receiver is investigating and attempting to determine the losses sustained by and amounts due to Pyne customers as a result of the violations by the defendants herein and to insure that the court maintains jurisdiction over de-

fendants' assets so that any further orders of the court with respect to the disposition of those assets are effective. This freeze of assets will remain in effect in accordance with the terms of the court's Order of August 12, 1980, until dissolved by further order of the court.